WILLIAM SOFFER, Plaintiff, *v.* JOSEPH FREDERICK and Another, Defendants.

County Court, Sullivan County, March 16, 1936.

*Joseph Kooperman*, for the plaintiff.

*Ellsworth Baker*, for the defendants.

COOKE, J. During the trial of the above-entitled action the complaint was dismissed as to the defendant Joseph Frederick because it appeared that he had been adjudicated a bankrupt, etc. It is not claimed that the plaintiff, at the time he began this action, knew of such adjudication, as it took place about the same time. This action was instituted on or about July 25, 1935. Defendant was adjudicated a bankrupt on or about July 24, 1935. The plaintiff received notice of the bankruptcy proceedings on or about September 28, 1935. During the trial, defendant was permitted over plaintiff's objection to amend his answer setting up the defense that defendant duly filed his schedules in bankruptcy; that the claim which is the subject-matter of this action was duly listed, etc.; that this defendant was thereafter duly discharged in bankruptcy. Upon proof of these facts, the complaint was dismissed as to defendant Joseph Frederick. He asked for costs against the plaintiff. Plaintiff objected thereto. The court, with the consent of the attorneys, took the question under consideration. There was some dispute as to whether defendant was entitled to costs as a matter of right. Under section 1476 of the Civil Practice Act, it seems that costs are discretionary. In this case it does not seem that it would be the just thing to do to allow costs to this defendant against this plaintiff. This defendant conceded that he owed the plaintiff for this bill; he went into bankruptcy at about the time of the commencement of this action, and the bankruptcy proceeding and this action were pending for some time. During this period, defendant procured his discharge in bankruptcy, but did not amend his answer until during the trial, nor did he procure any restraining order in the bankrupt proceeding. Plaintiff was, therefore, justified in proceeding as he did.

Costs are not allowed to this defendant on the dismissal of the complaint as to him.

The motion to set aside the judgment entered herein against Edith Frederick is denied. No one was injured by this procedure. The jury rendered a verdict against her. No costs are allowed on this motion. Order may be agreed upon or settled on two days' notice.